IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01225-WDM-MJW

SHAWN D. ALLEN,

Plaintiff,

v.

LARRY REID, Warden, and
DENNIS BURBANK,

Defendants.

## RECOMMENDATION ON
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Docket No. 43)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Walker D. Miller on September 5, 2007 (Docket No. 20).

In this action brought pursuant to 42 U.S.C. § 1983, the operative pleading is the pro se plaintiff's second amended Prisoner Complaint which was filed on August 1, 2007 (Docket No. 12). Plaintiff asserts the following in that pleading. Plaintiff had a small claims action in Crowley County concerning the alleged loss of some of his property, purportedly worth $86.66, during a transfer. That action was dismissed as a result of the plaintiff's failure to appear at a hearing that had been set for January 9, 2006, at 10:00 a.m.

Before Christmas 2005, plaintiff received a court order to appear at that hearing, and he contacted case manager "Roberts," showing him the court order. Roberts

responded that he had seen such orders before with other inmates and that plaintiff would be able to use a telephone on that hearing date. Plaintiff also submitted a note to defendant Legal Liaison Dennis Burbank "requesting I present said court order to him, however, a response was not forthcoming. CSP [Colorado State Penitentiary] refused to acknowledge court order when I was not allowed out my cell to partake of small claims hearing. CSP played semantics with the orders [sic] wording. " (Docket No. 12 at 5). Plaintiff was not given access to a telephone in order to participate in the court hearing. Plaintiff wrote to the court explaining the situation, requesting that the hearing be rescheduled, and asking that the CSP be given a copy of the court order. The action, however, was dismissed without prejudice based upon the plaintiff's failure to appear. Plaintiff tried to re-file his small claims action and to appeal, but the court refused to respond. In addition, the court did not return the evidence plaintiff had submitted. Plaintiff asserts that his constitutional right to access the courts for redress was violated by CSP. Plaintiff has been confined to a cell for 24 hours a day since July 2004 and cannot access a telephone at leisure.

Plaintiff seeks compensatory damages, namely, that the $86.66 for the lost property be credited back to his account and that he be given damages of $1 a day for each day he has been deprived of his educational books (the lost property), which he purchased to assist him in doing legal work and personal studies, yet he possessed them for only one day and spent the last of his money to order them.

Named as defendant are Larry Reid, who was the Warden of Centennial Correctional Facility ("CCF"), and Dennis Burbank, the CCF Legal Liaison.

Now before the court for a report and recommendation is the defendants' Motion for Summary Judgment (Docket No. 43) in which defendants assert that plaintiff's claim against Reid must be dismissed because Reid did not personally participate in the alleged violation, that the defendants are entitled to summary judgment regarding plaintiff's access to courts claim because neither defendants had any knowledge plaintiff's hearing was scheduled, that plaintiff is not entitled to damages from them in their official capacities, and that defendants are entitled to qualified immunity.

The court has reviewed the motion and the response thereto (Docket No. 49) and has considered applicable Federal Rules of Civil Procedure, case law, and statutes, as well as the court's file. The court now being fulling informed makes the following findings, conclusions of law, and recommendation.

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

Rule 56(c) provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). "In order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. . . . The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but '"the content or substance of the evidence must be admissible."' . . . Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because 'a third party's description of a witness' supposed testimony is "not suitable grist for the summary judgment mill."'" Adams v. American Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp.2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

**Personal Involvement of Defendant Reid**

The court agrees with defendants that the plaintiff has failed to allege any facts that suggest that defendant Reid participated in or knowingly acquiesced in the alleged failure to set up the telephonic court hearing on January 9, 2006. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997). With regard to the liability of supervisors:

> Under § 1983, government officials are not vicariously liable for the

misconduct of their subordinates. "[T]here is no concept of strict supervisor liability under § 1983." . . . "This does not mean that a supervisor may not be liable for injuries caused by the conduct of one of his subordinates. It does mean that his liability is not vicarious, that is, without fault on his part." . . . .

Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights. To establish supervisor liability under § 1983, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, . . . the plaintiff must establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'" . . . In short, the supervisor must be personally "involved in the constitutional violation," and a "sufficient causal connection" must exist between the supervisor and the constitutional violation." . . . .

In order to establish a § 1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the constitution. Then, a plaintiff must show an "affirmative link" between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates. . . . In this context, the supervisor's state of mind is a critical bridge between the conduct of a subordinate and his own behavior. Because "mere negligence" is not enough to hold a supervisor liable under § 1983, a plaintiff must establish that the supervisor acted knowingly or with "deliberate indifference" that a constitutional violation would occur. . . .

Serna v. Colorado Dept. of Corrections, 455 F.3d 1146, 1151-52 (10th Cir. 2006) (citations omitted). Furthermore, even under the liberal pleading standards applied to pro se litigants, "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Here, reading the second amended Prisoner Complaint liberally and in the light most favorable to the plaintiff, this court finds that the plaintiff has not alleged the requisite personal involvement of defendant Reid. As correctly noted by defendants,

Reid is mentioned only in the "Section A.Parties" portion of the complaint. Plaintiff's response to the motion for summary judgment is not much more enlightening. He mere states in his unsworn response that "[w]here Reid is culpable is clear in that after Burbanks [sic] obstruction was made known to CSP administration, hence Warden Reid, nothing was done to either remedy violation or reprimand Burbank." (Docket No. 49 at 5, ¶ 16). Plaintiff also seems to claim that Reid knew about the violation because "Step 2 complants [sic] are to be made aware to facility wardens." (Docket No. 49 at 5, ¶ 18). Plaintiff, however admits, "I simply must concede to difficulty at proving Reids [sic] acknowledgement [sic] of violation of court hearing. It was Dennis Burbank I brought attention of such to on 12.23.05 and Burbank who violated my First Amendment right to access the courts." (Docket No. 49 at 5, ¶ 18).

It is readily apparent that Reid has been named here only because of his position of Warden at the time of the alleged failure to provide plaintiff with telephone access for the court hearing. Reid's supervisory status alone, however, is inadequate to state a claim against him under § 1983. In sum, this court finds that the plaintiff has failed to allege the requisite personal involvement of defendant Reid, and, therefore, defendant's motion for summary judgment should be granted with respect to Reid.

**Claim Against Defendant Burbank**

Defendants assert in their motion that there is no dispute that plaintiff had a hearing on January 9, 2006, at 10:00 a.m., in Crowley County Small Claims Court, Case Number 05S23 and that he had a right to attend this hearing by telephone. Nevertheless, defendants dispute that they hindered plaintiff's right of access to the

courts because neither defendant had any knowledge that plaintiff's hearing was scheduled.

Burbank states in his affidavit, *inter alia*, that "[p]rior to January 9, 2006, I was never notified by the Court, Mr. Allen, his Case Manager or anyone else that this hearing was scheduled, nor was I provided with a copy of the order. To date, I have never seen the order involving Mr. Allen's January 9, 2006 hearing in Crowley County Small Claims Court." (Docket No. 43-3 at 4, ¶ 11). Instead, "[o]n January 9, 2006, [Burbank] received a Request for Interview, or 'kite' from Mr. Allen, in which he indicated that the facility failed to acknowledge his January 9, 2006 hearing. Mr. Allen did not attach a copy of the court order from Crowley County Small Claims court to his kite." (Docket No. 43-3 at 3, ¶ 8). Burbank further states that he "did not receive Mr. Allen's kite until late in the afternoon on January 9, 2006. [Burbank] immediately checked [his] office, and did not find a copy of the court order or any other document indicating that Mr. Allen had a hearing scheduled." (Docket No. 43-3 at 3, ¶ 9). The next day, he sent a memo to plaintiff explaining he was unaware of the January 9 hearing, had not received a copy of the order, and that plaintiff had not given him enough advance notice to arrange for the hearing. (Docket No. 43-3 at 3-4, ¶ 10). Burbank claims that "[i]n order to coordinate a telephonic court appearance, I must be provided with enough notice of the date and time of the hearing. A minimum of 72 hours is required in order to set up the telephonic appearance. Exceptions may be made on occasion for emergency situations, as long as the security needs of the facility can be maintained." (Docket No. 43-3 at 3, ¶ 6). When there is a telephone hearing,

they are conducted in the case manager's office. (Docket No. 43-3 at 2, ¶ 3). "The Case Manager . . . contacts the intake unit to arrange for Correctional Officers to escort the inmate from their cell to the Case manager's office. CSP is a maximum security facility and the most restrictive and secure facility within the CDOC prison system. Inmates are escorted in handcuffs, shackles and belly chains. A minimum of two Correctional Officers is required for each inmate." (Docket No. 43-3 at 2, ¶ 4). Furthermore, when the court order is provided by the inmate, rather than coming directly from the court, it must be verified as a legitimate order prior to setting up the telephone hearing. (Docket No. 43-3 at 2 ¶ 5).

In their motion for summary judgment, defendants placed the plaintiff on notice of the following requirements for plaintiff's response to their motion:

> In response to a motion for summary judgment, the burden shifts to the non-moving party to show a triable issue of fact exists **by presenting specific facts from an affidavit, discovery response, or other documents sworn under penalty of perjury**. Handy v. Price, 996 F.2d 1064, 1066 (10th Cir. 1993); Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991). The court may consider only admissible evidence when it rules on a motion for summary judgment. See World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985). Inadmissible hearsay testimony is not suitable. Adams v. American Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000); Wright-Simmons v. City of Oklahoma City, 155 F.3d 1264, 1268 (10th Cir. 1998).

(Docket No. 43 at 7) (emphasis added). Despite this clear, specific language stating plaintiff's burden when responding to the motion, plaintiff did not submit with his motion any "specific facts from an affidavit, discovery response, or other documents sworn under penalty of perjury." While plaintiff did submit a response to the motion (Docket No. 49), it merely contains unsworn statements by plaintiff which purport to create a

genuine issue of material fact with respect to Burbank's actions.[1] Even reading plaintiff's pro se opposition liberally, it does not comply with Fed. R. Civ. P. 56. Plaintiff's "pro se status does not relieve him from complying with the court's procedural requirements." <u>Barnes v. United States</u>, 173 Fed. Appx. 695, 697-98 (10th Cir. 2006) (affirming district court's grant of summary judgment to defendant when plaintiff's statements in his opposition were not admissible) (citing <u>Ogden v. San Juan County</u>, 32 F.3d 452, 455 (20th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); <u>Green v. Dorrell</u>, 969 F.2d 915, 917 (10th Cir. 1992); <u>Small v. Lehman</u>, 98 F.3d 762, 764 n. 5 (3d Cir. 1996) (concluding that unsworn statements do not meet the requirements of "affidavits" and thus cannot be used to support motions for summary judgment or responses thereto), <u>overruled on other grounds</u>, <u>City of Boerne v. Flores</u>, 521 U.S. 507 (1997)). Furthermore, in the second amended Prisoner Complaint, plaintiff merely states that he "submitted a note to CSP Legal Liaison

---

[1] Plaintiff's response (Docket No. 49) includes the following. He states that he received the Small Claims Court Order on December 14, 2005, and presented that order to his case manager (Roberts) two days later. (Docket No. 49 at 1, ¶ 1). In addition, plaintiff states that according to his notes, he submitted a "note" to Burbank's desk. (Docket No. 49 at 1, ¶ 2). Plaintiff states he "had just sent a large package of evidence to Small Claims Court on 12.20.2005 in advance of hearing and on that week-late Thursday night-submitted a note to Dennis Burbank apprising him of my court date and concerns of outgoing legal mail being properly logged in 'legal book'. He 'Burbank' failed to respond to the issue of hearing date." (Docket No. 49 at 2, ¶ 3). Furthermore, according to the plaintiff, an "'Hispanic Sergeant working e-pod day shift on date of hearing 01.09.06' called Burbank at 7:30 that morning with my court order in his hand. Rather than come to pod and examine the document or ask Sergeant for Case # so as to call court clerk and verify . . . he said no phone court telephone # is on court order." (Docket No. 49 at 2, ¶ 5).

Dennis Burbank requesting I present said court order to him." (Docket No. 12 at 5). Plaintiff did not expressly aver that he told Burbank of the specific court date and time and the need for plaintiff to be able to participate by telephone.

Taking as true the uncontroverted, properly-supported, factual statement of defendant Burbank, in particular his statement that he was not aware of the court hearing until after it occurred, this court recommends that the defendants' motion for summary judgment be granted.

**Official Capacity**

Defendants also correctly assert that to the extent they are being sued in their official capacities, the claim for damages must be dismissed. "[T]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." Hunt v. Bennett, 17 F.3d 1263, 1267 (10th Cir. 1994). Accordingly, plaintiff's official capacity claims for damages should be dismissed with prejudice.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the defendants' Motion for Summary Judgment (Docket No. 43) be **granted**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific**

**objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: March 31, 2008　　　　　　　　　　　s/ Michael J. Watanabe
　　　　　Denver, Colorado　　　　　　　　　Michael J. Watanabe
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge