IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-01225-WDM-MJW

SHAWN D. ALLEN,

    Plaintiff,

v.

LARRY REID, Warden, and
DENNIS BURBANK,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Michael J. Watanabe (doc no 56) that Defendants' Motion for Summary Judgment (doc no 43) be granted. Plaintiff filed an objection to the recommendation and therefore is entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons set forth below, I will accept Magistrate Judge Watanabe's recommendation in part and reserve ruling in part.

I have reviewed the pertinent portions of the record in this case, including the second amended Prisoner Complaint, the Defendants' Motion for Summary Judgment, Plaintiff's response, the recommendation, Plaintiff's objection, Defendants' response to the objection, and Plaintiff's supplementary motions and exhibits.

Plaintiff is an incarcerated prisoner. According to the complaint, he had a small claims action in Crowley County in order to recover damages for the alleged loss of some of his property during a cell transfer. He received a court order sometime in December

2005 ordering him to appear at a hearing on the matter on January 9, 2006. Plaintiff alleges he contacted his case manager and showed him the order; Plaintiff was informed he could appear by telephone. Plaintiff then alleges that he submitted a note to defendant Dennis Burbank, who acted as legal liaison, about the hearing around December 23, 2005. However, on the date of the hearing, Plaintiff was not given access to a telephone in order to participate. Plaintiff's case was dismissed without prejudice based on Plaintiff's failure to appear. Plaintiff's efforts to re-file and to appeal the case were unsuccessful. In addition, the court did not return the evidence Plaintiff had submitted in support of his claim.

Plaintiff filed this lawsuit against Defendant Burbank and Defendant Reid, the Warden of the Centennial Correctional Facility ("CCF"). Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 for interference with his right to access to the courts. Plaintiff seeks compensatory damages of $86.66 his lost property (the underlying claim in his small claims action). He also seeks damages of $1/day for each day he was deprived of his lost property, specifically educational books purchased to assist him in his legal work.

Magistrate Judge Watanabe recommends that the claim against Defendant Reid be dismissed because Plaintiff has not alleged or provided evidence of any facts showing that Reid personally participated in any constitutional violation. Plaintiff appears to concede that he has no such facts and does not object to this portion of the recommendation.

Magistrate Judge Watanabe also recommends that the claim against Defendant Burbank be dismissed because Burbank has presented evidence that he was not aware of Plaintiff's court hearing. Defendant Burbank submits an affidavit in which he testifies that before the date of the hearing he was never notified of the hearing or provided with a copy of the court order. He asserts that the first he learned of the hearing was on January 9,

2006, when he received "kite" from Plaintiff complaining about the failure to permit Plaintiff telephone access. Burbank further testifies that he requires at least 72 hours advance notice in order to set up a telephonic appearance.

In response, Plaintiff provided an unsworn statement, arguing again that he had properly notified Burbank. Magistrate Watanabe concluded that this was insufficient to create a genuine issue of fact in this regard. However, Plaintiff thereafter submitted a supplemental document (doc no 67). It is a memo from Burbank to Plaintiff dated December 28, 2005 responding to an inquiry about legal mail certification. Plaintiff contends that his inquiry concerned both mailing his exhibits for the hearing and notifying Burbank of the hearing and that this memo in response demonstrates that Burbank received the note. Plaintiff also moves to amend his response to the motion for summary judgment to add a statement swearing under penalty of perjury that the contents of the response brief are true. See "Motion to Amend Response Deposition" (doc no 59). Defendants contend that Plaintiff's proposed amendment would not be sufficient to transform the response brief into a "sworn" statement for the purposes of defeating the motion for summary judgment.

I note that pursuant to 18 U.S.C. § 1746, whenever any matter is required to be "supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit," the matter may be proved by way of an unsworn declaration in writing of such person which is subscribed by him as true under penalty of perjury and dated. Plaintiff's amended prisoner complaint, filed August 1, 2007, contains such a declaration and, accordingly, may be considered to be an affidavit pursuant to Rule 56(e). *See Conaway v. Smith,* 853 F.2d 789, 792 (10th Cir. 1988) ("Although a nonmoving

party may not rely merely on the unsupported or conclusory allegations contained in his pleadings, a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e)."). In light of this, Plaintiff's proposed amended response to the motion for summary judgment, and the memo from Burbank responding to what appears to be a question about a legal matter around the time that Plaintiff asserts he sent a note to Burbank about the hearing, I request that Defendant Burbank show cause why Plaintiff's materials are not sufficient to demonstrate an issue of material fact regarding Burbank's knowledge of the hearing.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Watanabe (doc no 56) is accepted in part.

2. Defendants' Motion for Summary Judgment (doc no 43) is granted in part. Summary judgment shall enter in favor of Defendant Reid and all claims against him are dismissed.

3. I reserve ruling on the Motion for Summary Judgment with respect to the claims against Defendant Burbank. Defendant Burbank shall submit a response on or before May 16, 2008 showing cause why Plaintiff's materials are not sufficient to demonstrate an issue of material fact regarding

4

Burbank's knowledge of the hearing.

DATED at Denver, Colorado, on May 1, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge